02-11-184-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00184-CR

 

 


 
 
 Oscar Garcia Lopez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 4 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          A
jury convicted Appellant Oscar Garcia Lopez of burglary of a habitation with
intent to commit aggravated assault with a deadly weapon and assessed his
punishment at fifty years’ confinement.  In a single point, Lopez argues that
the trial court erred by denying his motion for a mistrial.  We will affirm.

          Cynthia
Mendoza and her daughter visited David Miramontez at his house on
February 14, 2008.  Mendoza was married to Lopez at the time, but they had
been separated for several years, and Mendoza was seven months pregnant with
Miramontez’s baby.  Just after Mendoza and Miramontez sat down on the couch,
Lopez—uninvited—walked through the front screen door, came towards Miramontez,
pulled a knife out of his pocket, and began stabbing Miramontez.  Miramontez
managed to run out of the house, but Lopez chased him down and continued stabbing
him before fleeing the scene.  Miramontez survived the attack, despite
suffering approximately fourteen to seventeen stab wounds.  Police apprehended
Lopez two years later.

          During
trial, the State questioned Mendoza on redirect about an incident that occurred
in 2007 involving Lopez and Miramontez.  When the State questioned Mendoza if
she was “aware if [Lopez] was actually convicted of the offense of aggravated
robbery with a deadly weapon,” Mendoza responded “Yes,” but Lopez objected,
asked the trial court to instruct the jury to disregard the testimony, and
moved for a mistrial.  The trial court sustained Lopez’s objection, instructed
the jury to disregard Lopez’s testimony, and denied the motion for a mistrial.

          Lopez
argues in his only point that the trial court erred by denying his motion for a
mistrial because the trial court’s instruction to disregard the extraneous-offense
evidence was insufficient to cure the harm caused by the introduction of the
evidence.

          When
the trial court sustains an objection and instructs the jury to disregard but
denies a defendant’s motion for a mistrial, the issue is whether the trial
court abused its discretion by denying the mistrial.  Hawkins v. State,
135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004).  A mistrial is required only in
extreme circumstances—when the prejudice caused by the improper question and
answer is incurable, i.e., “so prejudicial that expenditure of further time and
expense would be wasteful and futile.”  Ladd v. State, 3 S.W.3d 547, 567
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000).  In most
instances, an instruction to disregard will cure the alleged harm.  Wesbrook
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), cert. denied,
532 U.S. 944 (2001).  We consider the following factors in determining whether
the trial court abused its discretion by denying a motion for a mistrial:  (1) the
severity of the misconduct, (2) curative measures, and (3) the
certainty of conviction absent the misconduct.  Hawkins, 135 S.W.3d at
77; Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on
reh’g), cert. denied, 526 U.S. 1070 (1999).

          Although
the State’s question about Lopez’s prior conviction for aggravated robbery was
improper,[2] the record does not demonstrate
that the prosecutor’s query was calculated to inflame the minds of the jury,
the trial court immediately instructed the jury to disregard the testimony, the
State did not ask any follow-up questions about the prior conviction, neither
side mentioned the prior conviction during closing arguments, the trial court instructed
the jury in the charge on guilt that it could consider extraneous-offense
evidence only if it believed beyond a reasonable doubt that Lopez committed
such acts, and the certainty of Lopez’s conviction absent the improper question
and answer was high.  See Hawkins, 135 S.W.3d at 77.  Accordingly,
we hold that the trial court did not abuse its discretion by denying Lopez’s
motion for a mistrial.  We overrule Lopez’s sole point and affirm the trial
court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 19, 2012









[1]See Tex. R. App. P. 47.4.





[2]The trial court sustained
Lopez’s objection before he even had a chance to say “extraneous offense.”